**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR-10-8174-PCT-JAT (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Adam Truax, Jr., | ) |
| Defendant. | ) |

This case arises on Defendant's Motion to Continue Admit/Deny Hearing, filed on July 21, 2014, the day before the scheduled admit/deny hearing. (Doc. 62)

On May 23, 2014, Defendant was arrested for allegedly violating the terms and conditions of his supervised release. On May 27, 2014, an initial appearance was held in Flagstaff, AZ; defense counsel was appointed; and Defendant waived and submitted the detention and preliminary revocation hearing issues. (Doc. 53) Defendant was held to answer the allegations in the petition and detained as a serious flight risk and a danger to the community if released. (*Id.*) After a change in counsel on June 19, 2014, a second admit/deny hearing was set for July 22, 2014 at 10:00 a.m. in Courtroom 302, 401 West Washington Street, Phoenix, AZ 85003 before the undersigned Magistrate Judge.

Defendant filed the subject motion, requesting a continuance for a period "eight (8) days or as soon thereafter as the court calendar permits[]" because the Government "has not yet made a determination whether it will seek additional criminal charges based on the conduct alleged in the Petition presently before this Court. . . [and a]dditional time is needed to conduct defense investigation in this matter." (Doc. 62)

Federal Rule of Criminal Procedure 32.1(b)(2) mandates that a district court "must hold the revocation hearing *within a reasonable time* in the district having jurisdiction." (emphasis added) Rule 32.1(b)(2), Fed.R.Crim.P., however, does not address what constitutes a "reasonable time" or establish the legal standard to authorize a continuance once an admit/deny or revocation hearing has been set.

Because Defendant does not have a constitutional right to combine new criminal charges with an alleged supervised release violation and disposition; Defendant has been in federal detention since May 23, 2014, nearly two months ago; absent a voluntary admission, a revocation hearing must be scheduled in the near future; the U.S. Attorney's Office has more than sufficient and competent prosecutors to stand in for a 15-minute hearing or the assigned AUSA may appear telephonically; and defense counsel has had over a month to conduct a reasonable investigation, good cause does not exist to grant the continuance request.

///

///

///

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Continue Admit/Deny Hearing, doc. 62, is **DENIED**.

DATED this 21st day of July, 2014.

Lawrence O. Anderson
United States Magistrate Judge